*[handwritten notations: "M/c to cnsl.; Summons issued Dept. #; Dauphin Cty.; Sambo/H56"]*

**ORIGINAL**

*[stamp: ① 6-5-01 sc]*

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Michael Barnett,**<br>**Plaintiff** | : Civil Action No.:<br>: **1:CV-01-0986**<br>: |
| v. | : |
| **Commonwealth of Pennsylvaina, Departmenty**<br>**of Public Welfare (Harrisburg State Hospital),**<br>**Terry Keiter, and John O. Nwokeji,**<br>**Individually and in their official capacity,**<br>**Defendants** | :<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

*[stamp: FILED HARRISBURG JUN 04 2001 MARY E. D'ANDREA, CLERK Per [signature] DEPUTY CLERK]*

## COMPLAINT

AND NOW, comes Plaintiff, Michael Barnett, through his attorney, Andrew J. Ostrowski, Esquire, and in support of his Complaint, avers as follows:

1. Plaintiff, Michael Barnett, is an adult individual who currently resides at 3229 Brookfield Road, Harrisburg, PA 17109.

2. Defendant Commonwealth of Pennsylvania, Department of Public Welfare (Harrisburg State Hospital), ("DPW") is a duly constituted government agency of the Commonwealth of Pennsylvania.

3. Defendant, Terry Keiter, is, and at all times relevant hereto was, Facilities Maintenance Manager, 3 for DPW at the Harrisburg State Hospital.

4. Defendant, John O. Nwokeji, is, and at all times relevant hereto was, Director, Bureau of Personnel for DPW.

5. Jurisdiction in this Court is based on 28 U.S.C. §§1331 and 1343 as it relates to claims pursuant to 42 U.S.C. §§ 1983, 1988 and 2000e *et. seq.* against persons whose acts under color of law have deprived Plaintiff of rights guaranteed by the Constitution and laws of the United States of America.

6. Each Defendant, at all times relevant to Plaintiff's Complaint, and for all acts and/or failures to act alleged herein, acted "under color of law" for purposes of 42 U.S.C. §1983, as they acted pursuant to the statutes of the Commonwealth of Pennsylvania and/or the United States and/or through a relationship created by the exercise of a statutorily authorized act.

7. Plaintiff was employed by DPW from September 1987 through February 8, 2000 when his employment was terminated.

8. From in or around 1993 until his termination, Plaintiff held the position of Building Maintenance Foreman at the Harrisburg State Hospital, DPW.

9. At times from 1993 through 1999, Plaintiff reported and opposed what he perceived to be incidents of discriminatory treatment by DPW and Plaintiff's supervisors, including Keiter, toward a minority employee supervised by Plaintiff.

10. In or around October 1999 Defendants purportedly began an investigation of allegations of discrimination made against Plaintiff by that same minority employee under his supervision.

11. On November 18, 1999, Plaintiff was suspended pending further investigation of alleged racial discrimination, gender discrimination and work rules violations, all of which were false and/or mischaracterized the nature of the actions at issue.

12. During a January 20, 2000 pre-disciplinary conference Plaintiff was deprived of a meaningful opportunity to respond to the allegations made against him.

13. On February 8, 2000, Plaintiff received correspondence from Defendants informing him that his employment was being terminated effective that date for creating a discriminatory, hostile, offensive and intimidating work environment, physically assaulting a subordinate employee, making threats of bodily harm, theft of Commonwealth services and consumption of alcohol on duty.

14. The bases for Defendants' termination of Plaintiff's employment were false and other employees and supervisors who had not reported and opposed unlawful discrimanatory practices were treated more favorably.

15. Upon information and belief, the adverse employment actions against Plaintiff were taken in retaliation for Plaintiff's reporting and opposing unlawful discrimination, depriving him of his First and Fourteenth Amendment rights and causing him damages and injuries recoverable pursuant to 42 U.S.C. §§ 1983, 1988 and 2000e, *et. seq.*.

16. Upon information and belief, all actions taken against Plaintiff were acts in furtherance of a conspiracy by, among, between, or on behalf of all Defendants.

17. Plaintiff pursued his complaints administratively and all conditions precedent to suit have been satisfied.

## COUNT ONE

18.     Paragraphs 1-17 are incorporated herein by reference.

19.     Defendants, individually and/or collectively, through an illicit scheme and agreement among them, suspended Plaintiff from employment and terminated his employment based upon facts and circumstances known by Defendants to be false in violation of his interests protected by the First and Fourteenth Amendment.

20.     As a direct and proximate result of the unlawful actions of the Defendants, Plaintiff suffered a loss of employment and the incidents of employment, carries a stigma that has and/or may hinder his abilities to become and remain gainfully employed in the future and has suffered, and will continue to suffer, physical and emotional suffering, reputational injury, humiliation, embarrassment, inconvenience, aggravation and expense.

21.     The acts and conduct of the Defendants, individually and/or collectively, were done in reckless disregard for the rights of Plaintiff, were willful and intended to cause harm to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment in his favor, and against Defendants, for compensatory damages, punitive damages, attorney's fees, costs and all appropriate equitable and/or legal relief to which he is entitled.

## COUNT TWO

22. Paragraphs 1-21 are incorporated herein by reference.

23. Defendants, individually and/or collectively, through an illicit scheme and agreement among them, suspended Plaintiff from employment and terminated his employment in retaliation for Plaintiff's reporting and opposing unlawful discriminatory practices in violation of his First Amendment rights and constituting discrimination in violation of Title VII, 42 U.S.C. §2000e, *et. seq.* as it relates DPW a violation of Plaintiff's Fourteenth Amendment guarantee of the equal protection of the law as it relates to the individual Defendants..

24. As a direct and proximate result of the unlawful actions of the Defendants, Plaintiff suffered a loss of employment and the incidents of employment, carries a stigma that has and/or may hinder his abilities to become and remain gainfully employed in the future and has suffered, and will continue to suffer, physical and emotional suffering, reputational injury, humiliation, embarrassment, inconvenience, aggravation and expense.

25. The acts and conduct of the Defendants, individually and/or collectively, were done in reckless disregard for the rights of Plaintiff, were willful and intended to cause harm to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment in his favor, and against Defendants, for compensatory damages, punitive damages, attorney's fees, costs and all appropriate equitable and/or legal relief to which he is entitled.

## COUNT THREE

26. Paragraphs 1-25 are incorporated herein by reference.

27. Plaintiff, a Civil Service employee, has a recognized liberty and/or property interest in his continuing employment and is entitled to reasonable notice and an opportunity to respond to any allegations or actions that may impact his employment.

28. Plaintiff was deprived of reasonable notice and a fair opportunity to respond to the allegations that form the basis of the disciplinary action against him prior to taking any disciplinary actions and, as a result, Plaintiff suffered a loss of employment and the incidents of employment, carries a stigma that has and/or may hinder his abilities to become and remain gainfully employed in the future and has suffered, and will continue to suffer, physical and emotional suffering, reputational injury, humiliation, embarrassment, inconvenience, aggravation and expense.

29. The acts and conduct of the Defendants, individually and/or collectively, were done in reckless disregard for the rights of Plaintiff, were willful and intended to cause harm to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment in his favor, and against Defendants, for compensatory damages, punitive damages, attorney's fees, costs and all appropriate equitable and/or legal relief to which he is entitled.

Respectfully submitted,

By_____
Andrew J. Ostrowski, Esquire
I.D. No. 66420
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500
Attorney for Plaintiff

Dated: June 4, 2001