2 CK

ORIGINAL

5
10/5/

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BARNETT, :
                       **Plaintiff** :
                                :    **No. 1:CV-01-0986**
    v. : 
                                :    **Judge Rambo** ✓

COMMONWEALTH OF :
PENNSYLVANIA, DEPARTMENT OF :
PUBLIC WELFARE (HARRISBURG :
STATE HOSPITAL), TERRY KEITER, :
and JOHN O. NWOKEJI, individually :
and in their official capacity, :
                       **Defendants** :

**FILED**
**HARRISBURG**

OCT 0 4 2001

MARY E. D'ANDREA, CLERK
Per_____
        **DEPUTY CLERK**

## ANSWER

Defendants, by and through their attorney, Victoria S. Freimuth, Deputy

Attorney General, submit the following answer to the complaint.

## FIRST AFFIRMATIVE DEFENSE

The numbered averments of the complaint are answered as follows:

1.     **ADMITTED**.

2.     **ADMITTED**.

3.     **ADMITTED**.

4.     **ADMITTED** in part.  Defendant, John O. Nwokeji, is the Director of

Personnel for Harrisburg State Hospital.

5.     The averments within this paragraph are conclusions of law to which

no response is required.  To the extend such averments are deemed factual, they are **DENIED**.

6.    **ADMITTED** except to the extent defendants deny specific factual allegations as specified below.

7.    **ADMITTED.**  Plaintiff began his employment with DPW on September 28, 1987.

8.    **ADMITTED.**  Plaintiff was appointed Building Maintenance Foreman at Harrisburg Hospital effective May 18, 1993.  Plaintiff remained in this position until his termination.

9.    **DENIED**.  There is no record that plaintiff reported and/or opposed any incidence of discriminatory treatment towards a minority employee under plaintiff's supervision.

10.    **ADMITTED** in part.  An investigation of plaintiff began on October 7, 1999 upon Carl McLaughlin's complaint of discrimination against the Plaintiff. Any remaining factual averments are **DENIED**.

11.    **ADMITTED** in part. **DENIED** in part.  Plaintiff was suspended pending further investigation of alleged racial discrimination, gender discrimination and work rules violations.   It is denied that the allegations, as relied upon, were false and/or mischaracterized.

12.    **ADMITTED** in part; **DENIED** in part.  It is **ADMITTED** that plaintiff received a pre-disciplinary conference on January 20, 2000.  However, it is **DENIED** that he was deprived of a meaningful opportunity to respond to the allegations made against him at the conference.

13.    **ADMITTED**.

14.    **DENIED**.

15.    The averments within this paragraph are conclusions of law to which no response is required.  To the extent the averments are deemed factual, they are **DENIED**.  Furthermore, it is **DENIED** that defendants acted in retaliation towards plaintiff.

16.    **DENIED**.

17.    Defendants are without sufficient knowledge to provide an answer to this paragraph.  However, it is **ADMITTED** that Plaintiff filed complaints with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

18.    No response is required.

19.    The averments within this paragraph are conclusions of law to which no response is required.  To the extent these averments are deemed factual, they are **DENIED**.

20.    The averments within this paragraph are conclusions of law to which no response is required.  To the extent these averments are deemed factual, they are **DENIED**.  It is **DENIED** that plaintiff received any injury.

21.    **DENIED**.

22.    No response is required.

23.    The averments within this paragraph are conclusions of law to which no response is required.  To the extent these averments are deemed factual, they are **DENIED**.

24.    The averments within this paragraph are conclusions of law to which no response is required.  To the extent these averments are deemed factual, they are **DENIED**.  It is further **DENIED** that plaintiff received any injury.

25.    **DENIED**.

26.    No response is required.

27.    The averments within this paragraph are conclusions of law to which no response is required.  To the extent these averments are deemed factual, they are **DENIED**.

28.    The averments within this paragraph are conclusions of law to which no response is required.  To the extent these averments are deemed factual, they are **DENIED**.  It is further **DENIED** that plaintiff received any injury.

4

29.   **DENIED**.

## SECOND AFFIRMATIVE DEFENSE

This complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

At no time have defendants, either individually or in concert with others, deprived or sought to deprive plaintiff of any rights, privileges or immunities secured to him by the constitution or laws of the United States.

## FOURTH AFFIRMATIVE DEFENSE

State law claims are barred by sovereign immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to adequately plead each defendants' involvement in the conduct which allegedly violated his constitutional rights.

## SIXTH AFFIRMATIVE DEFENSE

Defendants acted at all times within the scope of their authority and without any actual or imputed knowledge that their actions violated any of the plaintiff's constitutional rights; therefore defendants are immune from suit.

WHEREFORE, judgement should be entered in favor of the defendants.

Respectfully submitted,
**D. MICHAEL FISHER**
**Attorney General**

By: _V. S. Freimuth_
**VICTORIA S. FREIMUTH**
**Deputy Attorney General**
**I.D. #77183**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Litigation Section**
**Harrisburg, PA 17120**
**(717) 787-9711**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**COUNSEL FOR DEFENDANTS**

**Dated: October 4, 2001**

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BARNETT,
                              :
                  Plaintiff   :
                              :          No. 1:CV-01-0986
         v.                   :
                              :          Judge Rambo
COMMONWEALTH OF               :
PENNSYLVANIA, DEPARTMENT OF   :
PUBLIC WELFARE (HARRISBURG    :
STATE HOSPITAL), TERRY KEITER, :
and JOHN O. NWOKEJI, individually :
and in their official capacity, :
                  Defendants :

### CERTIFICATE OF SERVICE

I, Victoria S. Freimuth, Deputy Attorney General for the

Commonwealth of Pennsylvania, hereby certify that on October 4, 2001, I served

a true and correct copy of the foregoing Answer, by causing it to be deposited in

the United States Mail, first-class postage prepaid to the following:

**Andrew J. Ostrowski, Esquire**
**4311 North Sixth Street**
**Harrisburg, PA  17110**


**VICTORIA S. FREIMUTH**
**Deputy Attorney General**