ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BARNETT, :
    Plaintiff :
 : No. 1:CV-01-0986
v. :
 : Judge Rambo
COMMONWEALTH OF :
PENNSYLVANIA, DEPARTMENT OF :
PUBLIC WELFARE (HARRISBURG :
STATE HOSPITAL), TERRY KEITER, :
and JOHN O. NWOKEJI, individually :
and in their official capacity, :
    Defendants :

FILED
HARRISBURG, PA
DEC 11 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**JOINT CASE MANAGEMENT PLAN**

Counsel for Plaintiff:   Andrew J. Ostrowski, Esquire
    4311 North Sixth Street
    Harrisburg, PA  17110

Counsel for Defendants:   Victoria S. Freimuth
    Deputy Attorney General
    Office of Attorney General
    15th Floor, Strawberry Square
    Harrisburg, PA  17120
    (717) 787-9711

Date: December 11, 2001

Counsel conferred on December 11, 2001.

**1.1  Principal Issues**

    1.10  Brief Summary for each Party

        By plaintiff:

        Plaintiff was employed by DPW from September 1987 through February 8, 2000 when his employment was terminated. From in or around 1993 until his termination, Plaintiff held the position of Building Maintenance Foreman at the Harrisburg State Hospital, DPW.
At times from 1993 through 1999, Plaintiff reported and opposed what he perceived to be incidents of discriminatory treatment by DPW and Plaintiff's supervisors, including Keiter, toward a minority employee supervised by Plaintiff. In or around October 1999 Defendants purportedly began an investigation of allegations of discrimination made against Plaintiff by that same minority employee under his supervision.

        On November 18, 1999, Plaintiff was suspended pending further investigation of alleged racial discrimination, gender discrimination and work rules violations, all of which were false and/or mischaracterized the nature of the actions at issue. During a January 20, 2000 pre-disciplinary conference Plaintiff was deprived of a meaningful opportunity to respond to the allegations made against him. On February 8, 2000, Plaintiff received correspondence from Defendants informing him that his employment was being terminated effective that date for creating a discriminatory, hostile, offensive and intimidating work environment, physically assaulting a subordinate employee, making threats of bodily harm, theft of Commonwealth services and consumption of alcohol on duty.

        The bases for Defendants' termination of Plaintiff's employment were false and other employees and supervisors who had not reported and opposed unlawful discriminatory practices were treated more favorably.

        By defendant:

        Michael Barnett was employed by the Department of Public Welfare as the Building Maintenance Foreman in Harrisburg Hospital on May 18, 1993. Plaintiff remained in this position until his removal as of February 8, 2000. An investigation of plaintiff's improper conduct was initiated on October 7, 1999 in response to a subordinate's complaint of discrimination. On November 18, 1999, plaintiff was suspended from his position pending further investigation of

discriminatory actions. On January 18, 2000, plaintiff was provided the specific allegations being made during the investigation. On February 8, 2000, plaintiff was removed from his position of Building Maintenance Foreman because it was determined that plaintiff created a discriminatory, hostile, and offensive and intimidating work environment against a subordinate employee, Carl McLaughlin, by the use of racial slurs and failed to give Mr. McLaughlin on the job training, while assigning him duties not commensurate with his ability and pay level between February, 1993 and October, 1999. Additional causes for plaintiff's removal included the physical assault of a subordinate employee, Dale Worely, in June of 1996. Plaintiff was also found to have made threats of bodily harm, specifically to shoot other hospital employees in 1999. Lastly, plaintiff directed subordinate employees to work overtime while at a dinner at the Red Lobster where alcohol beverages were consumed.

Defendants deny that plaintiff was suspended in violation of Title 7 of the Civil Rights Act. Additionally, defendants deny that there was an illicit scheme and agreement to suspend and later terminate plaintiff. Defendants maintain that plaintiff is entitled to no relief from them.

**1.11    The principal factual issues that the parties dispute are:**

      1.11    Reasons for plaintiffs discharge.

      1.12    Whether plaintiff's termination was based on false allegations?

1.20    The principal factual issues that the parties agree on are:

      1.21    Plaintiff's hire and discharge dates.

      1.22    Plaintiff's job title.

1.30    The principal legal issues that the parties dispute are:

      1.31    Whether plaintiff was discriminated against by employees of the Department of Public Welfare based on retaliation?

      1.32    Whether plaintiff was wrongfully terminated?

      1.33    Whether defendants are entitled to qualified immunity from suit?

1.40    The principal legal issues that parties agree upon are:

      1.41    None.

1.50 Issues of service of process, personal jurisdiction, subject matter jurisdiction or venue:

No issues identified.

1.60 Parties who have not been served:

None.

1.70 Parties to be joined:

By plaintiff: None currently anticipated.

By defendant: None.

1.80 Additional claims to be added:

By plaintiff: None currently anticipated.

By defendant: None.

**2.0 Alternative Dispute Resolution ("ADR")**

The parties do not believe ADR is appropriate as this is a civil rights case.

**3.0 Consent to Jurisdiction by a Magistrate Judge**

The parties do consent to jurisdiction by the Magistrate Judge.

**4.0 Disclosure**

4.1 Witness disclosures:

By plaintiff:

1. Michael Barnett           Plaintiff

2. Witnesses disclosed by Defendants

By defendant:

1. Terry Keiter              Defendant

2. John Nwokeji              Defendant

  3. Carl McLaughlin        Defendant

  4. Judy McKinney

  5. Jeffrey Dent

  6. Jay Brooks

  7. April Gregory

  8. Matthew Brittian

  9. Randy Rudy

  10. Leonard Silks

  11. Dale Worely

(Additional witnesses for each parties may be identified during discovery).

4.2 Documents disclosed or produced through discovery:

  None to date.

  4.211 Categories of documents disclosed by defendants:

   None to date.

  4.221 Categories of documents disclosed by plaintiff:

   None to date.

4.3 Additional document disclosures: None

4.4 Damages

  4.41 Plaintiff's calculation: Compensatory, punitive, attorneys fees and other costs.

  4.42 Calculation of offset: Not applicable.

## 5.0 Motions

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Summary Judgment | Defendants | June 3, 2002 |

**6.0** **Discovery**

    6.1    No discovery to date.

    6.2    Agreed upon discovery: Depositions of parties

    6.3    No objections to discovery at present.

    6.4    No subject area limitations on discovery at present.

    6.5    Discovery limitations.

        6.51    Depositions per side:

            Plaintiff - 10    Defendant - 10

        6.502    Interrogatories per party:

            Plaintiff - 30    Defendant - 30

        6.503    Document requests per party:

            Plaintiff - 25    Defendant - 25

        6.504    Requests for Admissions per party:

            Plaintiff - 30    Defendant - 30

    6.600    All discovery to be completed by May 31, 2002, expect for any additional expert discovery upon receipt of expert report.

    6.700    Expert reports due by:

        Plaintiff: June 15, 2002.

        Defendant: July 15, 2002.

    6.800    Supplements due by August 1, 2002.

**7.0** **Protective orders.**

    Not applicable.

**8.0    Settlement Authority**

    Plaintiff:    Andrew J. Ostrowski, Esquire
                       4311 North Sixth Street
                       Harrisburg, PA  17110

    Defendant:    Louis J. Rovelli
                       Executive Deputy Attorney General
                       Office of Attorney General
                       15th Floor, Strawberry Square
                       Harrisburg, PA  17120
                       (717) 783-1471

                       Victoria S. Freimuth
                       Deputy Attorney General
                       Office of Attorney General
                       15th Floor, Strawberry Square
                       Harrisburg, PA  17120
                       (717) 787-9711

**9.0    Scheduling**

    9.1    This case may be appropriate for standard track of not more than fifteen (15) months from filing date.

    9.2    Suggested date for trial:  September, 2002.

    9.3    Pretrial conference:  August, 2002.

    9.4    Date for joining additional parties: Plaintiff reserves the right to join additional parties as provided by law.

    9.5    Final date for amending pleadings: Plaintiff reserves the right to amend his pleading as provided by law.

    9.6    All potentially dispositive motions by June 28, 2002.

**10.0    Other matters.**

    Not applicable.

**11.0   Identification of lead counsel**

    Plaintiff:         Andrew J. Ostrowski, Esquire
                         4311 North Sixth Street
                         Harrisburg, PA  17110

    Defendants:     Victoria S. Freimuth
                         Deputy Attorney General
                         Office of Attorney General
                         15th Floor, Strawberry Square
                         Harrisburg, PA  17120
                         (717) 787-9711

Dated: 12/11/01            _____
                                          Attorney for Plaintiff

Dated: 12/11/01            _____
                                          Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BARNETT,
          Plaintiff

                                      No. 1:CV-01-0986

v.

                                      Judge Rambo

COMMONWEALTH OF
PENNSYLVANIA, DEPARTMENT OF
PUBLIC WELFARE (HARRISBURG
STATE HOSPITAL), TERRY KEITER,
and JOHN O. NWOKEJI, individually
and in their official capacity,
          Defendants

## CERTIFICATE OF SERVICE

I, Victoria S. Freimuth, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on December 11, 2001, I served a true and correct copy of the foregoing Joint Case Management Plan, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

    Andrew J. Ostrowski, Esquire
    4311 North Sixth Street
    Harrisburg, PA 17110

*Victoria S. Freimuth*
**VICTORIA S. FREIMUTH**
**Deputy Attorney General**