UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BARNETT,                          :    CIVIL NO. **1:CV-01-0986**
                                          :
              Plaintiff                   :    (Magistrate Judge Smyser)
                                          :
      v.                                  :
                                          :
COMMONWEALTH OF PENNSYLVANIA,             :
DEPARTMENT OF PUBLIC WELFARE              :
(HARRISBURG STATE HOSPITAL),              :
TERRY KEITER and JOHN O.                  :
NWOKEJI, Individually and in             :
their official capacity,                  :
                                          :
              Defendants                  :

FILED
HARRISBURG, PA

JAN 1 8 2002

MARY E. D'ANDREA, CLERK
PER _____
        DEPUTY CLERK

### CASE MANAGEMENT ORDER

Pursuant to a case management conference held on
January 17, 2002, **IT IS ORDERED** that:


      1.    **Additional Parties**.  Additional parties shall be
added on or before **June 28, 2002.**


      2.    **Amended Pleadings**.  The final date for amendments
to the pleadings is **June 28, 2002.**


      3.    **Expert Reports**.  The plaintiff shall submit expert
reports to defendants on or before **July 15, 2002.**  The
defendants shall submit expert reports to plaintiff on or

before **August 15, 2002**.  Any supplements to reports shall be provided to other parties on or before **September 2, 2002**.

    4.  <u>**Discovery Deadline**</u>.  All discovery shall be planned and commenced so as to be completed by **June 28, 2002**.

    The maximum number of depositions per side shall be ten (10); the maximum number of interrogatories per side shall be thirty (30); the maximum number of document production requests per side shall be twenty-five (25); and the maximum number of requests for admissions per side shall be thirty (30).

    5.  <u>**Dispositive Motions**</u>.  Any dispositive motion shall be filed, as well as the supporting brief, on or before **July 30, 2002**.

    6.  <u>**Motions in Limine**</u>.  No motions in limine shall be filed after **September 6, 2002** without leave of court, a supporting brief and a proposal for a briefing schedule that will permit the party opposing the motion to fully and fairly address the issues presented and will permit the court to fully consider and decide the motion.

AO 72A
(Rev.8/82)

7.   <u>Settlement Conference and Pretrial Conference</u>.

**(a)**   At least ten days prior to the date scheduled for the final pretrial conference, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3.  An attorney who has not entered an appearance as of the date of the LR 16.3(b) conference of attorneys, or who does not attend the LR 16.3(b) conference of attorneys, may not serve as trial counsel, unless extraordinary circumstances are shown to warrant an exception.

**(b)**   This conference shall be face-to-face unless the court, upon written request, approves another arrangement. Failure of the plaintiff to initiate the holding of the conference or of the defendants to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

**(c)**   Each party shall file a pretrial memorandum in conformity with the Rules of Court, M.D.Pa.  Failure to timely file pretrial memoranda will result in an appropriate sanction.  Fed.R.Civ.P. 16(f).

**(d)**   A final pretrial conference and settlement conference shall be held on **September 19, 2002 at 11:00 a.m.,** in Chambers, Room 1110, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.  Counsel who will try the case shall attend the pretrial conference unless the

court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2.  A copy of the local rules may be obtained from the Clerk of the Court by writing:  Clerk of Court, Federal Building, P.O. Box 983, Harrisburg, Pennsylvania 17108-0983.  At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made.  Counsel for the defendants shall be required to identify any legal defenses they expect to make.  It should be noted that the court expects to hold counsel for both sides to the claims and defenses they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial.  Settlement will also be discussed at the pretrial conference.  A separate settlement conference will be set upon the request of a party.

8.  **Trial**.  Trial shall begin with jury selection at 9:30 a.m., on October 7, 2002, in Courtroom No. 5, Eleventh Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.  Jury selection in this case will follow the jury selection in Civil Nos. 1:01-CV-1019 and 1:01-CV-2004. The trial in this case will follow the trials in those cases.

4

Counsel shall file proposed jury instructions in conformity with Local Rule 51. If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial. If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial. Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn. If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial. Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to such Clerk's Office before 2:00 p.m. on the last business day preceding the

AO 72A
(Rev.8/82)

day on which the trial of the action is to start shall be adequate for such purpose.

     9.  **Case Management Track**.  This case is on the standard track.

     The court will, in the absence of extraordinary circumstances, adhere to the schedule hereby established. Continuances of trial and extensions of the discovery period will be granted only when extraordinary circumstances arise and application is timely made.

                                                              J. Andrew Smyser
                                                              Magistrate Judge

Dated:  January _18_, 2002.

AO 72A
(Rev.8/82)



**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
*for the*
**MIDDLE DISTRICT OF PENNSYLVANIA**

*U.S. Courthouse*
*228 Walnut Street, Rm. 1060*
*P.O. Box 983*
*Harrisburg, PA 17108-0983*

**(717) 221-3920**
**FAX (717) 221-3959**

**MARY E. D'ANDREA**
*Clerk of Court*

**January 10, 2002**

**RE: Amendments to the Middle District Local Rules of Court, effective December 1, 2001.**

The judges of the United States District Court, Middle District of Pennsylvania have adopted new and amended local rules. The amendments to the local rules became effective December 1, 2001.

Rules affected by the amendments are listed below with a summary of the changes:

1. **LR 4.5 Notification of Claim of Unconstitutionality.** The amendment adds subsection (b) to Local Rule 4.5 which provides an additional requirement for counsel to notify the Court if the constitutionality of a state statute is drawn into question.

2. **LR 5.1 Size and Other Physical Characteristics of Papers and Other Documents.** The amendment addresses size of typeface, quotations, headings, footnotes and margins to be used in preparing documents to be filed with this court. Additional language provides for identifying exhibits by letter or number on the top right hand corner of the first page of the exhibit.

3. **LR 5.2 Copies of Documents to be Filed with the Clerk.** The amendment deletes the prohibition against the filing of discovery materials because that matter is now covered by national uniform rules. The recommended amendment would also refer to documents in the singular rather than the plural. Other provisions of this rule that no longer serve a function would be deleted. Also, the term "brief" would be added to the list of documents referenced in the rule.

4. **LR 5.4 Service and Filing of Discovery Material.** The amendment deletes the prohibition against the filing of discovery materials because that matter is now covered by national uniform rules. The change in our practice will be that Rule 26(a)(3) disclosures must be filed. Additional changes have been made to the rule to clarify who is to be the custodian of the original response to a discovery request.

5. **LR 7.3 Exhibits and Other Documents Substantiating Pretrial Motion.** The amendment makes it easier for attorneys to determine the local requirement for filing exhibits.

6.     **LR 7.8 Contents and Length of Pretrial Briefs.** The amendment prohibits the practice of some attorneys when filing briefs to include by general reference the contents of a brief previously filed. The rule has also been amended to incorporate a "safe harbor" provision for submitting briefs exceeding fifteen (15) pages so long as the brief does not exceed 5000 words and to require that a brief address only one motion, except in motions for summary judgment.

7.     **LR 7.9 Hearings on Pretrial Motions.** The amendment changes the caption of the rule to "Oral Arguments on Pretrial Motions".

8.     **LR 7.21 Service of Post-trial Motions by Movant and Respondent of Post-trial Motions.** The amendment eliminates the provision requiring that copies of papers be served upon the trial judge.

9.     **LR 7.22 Exhibits and Other Documents Supporting Post-trial Motions.** The amendment makes it easier for attorneys to determine the local requirement for filing exhibits.

10.    **LR 7.33 Conformity to Pretrial Procedure.** The amendment deletes language regarding page limits for briefs. The rule references LR 7.8 regarding content and length of briefs.

11.    **LR 16.3 Conferences of Attorneys.** The amendment deletes the requirement that counsel meet to discuss various matters, and will instead provide that counsel "confer to consider" those matters as provided in amended Fed.R.Civ.P. 26(f). " The rule change also alters our present local rule concerning the timing of the Rule 16 conference.

12.    **LR 16.6 Pretrial Memorandum.** The amendment strikes the requirement to file a pretrial memorandum with the judge assigned to handle the pretrial conference. All documents are to be filed in the clerk's office.

13.    **LR 16.7 Alternative Dispute Resolution.** The rule has been amended to comply with the ADR Act of 1998 which mandates that local rules require parties to consider Alternative Dispute Resolution.

14.    **LR 16.8.2 Certification of Mediators.** The amendment provides the Chief Judge authority to waive the mediation training requirement for an applicant, if that individual has sufficient qualifications and experience.

15.    **LR 16.8.6 The Mediation Session.** In addition to grammatical changes, the amendment strikes the language providing for disclosure of the settlement positions of the parties and statements made during mediation to the presiding judge in a jury trial.

16.    **LR 16.9.4 Participants and Settlement Authority.** The amendment provides for confidentiality of the settlement proceedings before a settlement officer. Additionally, the

phrases "mediation session" have been changed to "settlement conference" which is rule specific. Minor grammatical changes have also been made to the rule.

17.   **LR 16.9.6 Report and Recommendation.** The rule has been deleted to comply with the strict confidentiality provisions of the ADR Act.

18.   **LR 30.1 Length of Depositions.** The rule has been deleted since Fed.R.Civ.P. 30(d)(2) has been amended to provide that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." This local rule number would be reserved for future use.

19.   **LR 39.7 Civil Trials, Trial Briefs.** The amendment provides that trial briefs be filed three (3) days before trial to give the judges sufficient time to review trial issues. The rule has also been amended to provide that documents are to be filed with the clerk rather than given directly to the court. Additionally, the rule has been amended to reference Local Rule 7.8 to provide for consistency with respect to the length of briefs.

20.   **LR 48.2 Civil Trials, Trial Without A Jury.** The amendment requires that the findings of fact and conclusions of law be filed with the pretrial memorandum instead of at the pretrial conference. Additional changes have been made to the rule in the interest of brevity, grammar and diction.

21.   **LR 51.1 Civil Trials, Requests to Instruct the Jury.** The amendments to this rule have been made for the following reasons: (1) to make a few grammatical changes in the second sentence to change to the singular form, (2) to insert new language to address the requirement to reference the page for cited cases, (3) to require that requests to instruct the jury be filed no later than three (3) days before trial instead of at the beginning of the party's case in chief, and (4) to provide that documents are to be filed with the clerk, not the judge.

22.   **LR 56.1 Motions for Summary Judgment.** The amendments to this rule address a grammatical error and a minor matter of diction.

23.   **LR 83.2 Regulation of Public Discussion by Attorneys in Pending or Imminent Criminal and Civil Litigation.** The amendment modifies the caption of the rule to accommodate the addition of proposed new local rule 83.2.8 dealing with communication with jurors.

24.   **LR 83.2.8 Juror Contact.** This is a new rule to prohibit communications with jurors without express permission from the court.

25.   **LR 83.10.2 Signing Motions.** Deleted. This local rule number would be reserved for future use.

26.   **LR 83.10.6 Sanctions.** Deleted. The rule does not seem to comport to practice and there are other sanction provisions in the rules.

27.    **LR 83.26.3 Hearing on Application.** The amendment allows the Chief Judge to determine whether a disbarred or suspended attorney is entitled to be reinstated without the need to go through the hearing process.

28.    **LR 83.26.5 Deposit for Costs of Proceeding.** The amendment eliminates the former rule in lieu of a provision which permits costs to be assessed after the fact and provides for proper accounting of the assessed costs by the Clerk of Court.

29.    **LR 83.31 Retention of Control.** The amendment replaces unnecessary language regarding the contempt powers of the court with language defining this court as referenced in Chapter XVII and designating the Chief Judge or the designee(s) of the Chief Judge to act on behalf of the court when actions under Chapter XVII are necessary.

30.    **LR 83.32.1 Form of Petitions and Motions.** The amendment combines current rule LR 83.32.2 with rule LR 83.32.1 to make room for the new death penalty rules. The last sentence of this rule has been amended to provide a reference to LR 83.32.2 which now contains rules governing death penalty cases. The rule has also been amended to state that it is applicable to 28 U.S.C. § 2241 petitions. Additional changes have been made to this rule in the interest of brevity, grammar and diction.

31.    **LR 83.32.2 Reference to Governing Rules.** The amendment creates new Death Penalty Rules and moves the reference to Governing Rules to LR 83.32.1.

32.    **LR 83.32.5 Briefs.** The rule has been deleted because it is in conflict with new Local Rule 83.32.2 which establishes requirements governing the length of briefs in <u>death penalty cases</u> different than those set forth under Local Rule 7.8 as referenced in this rule.

*Copies of the Local Rules may be obtained by contacting the Office of the Clerk of Court*
*or*
*visit the Court's Internet site @ <u>www.pamd.uscourts.gov</u>*

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 18, 2002

Re:  1:01-cv-00986   Barnett v. Dpmt of Public Welfa

True and correct copies of the attached were mailed by the clerk
to the following:

    Andrew J. Ostrowski, Esq.
    4311 N. 6th St.
    Harrisburg, PA  17110

    Victoria S. Freimuth, Esq.
    Office of Attorney General
    Strawberry Square, 15th Floor
    Harrisburg, PA  17120

cc:
Judge                      (  )              (  ) Pro Se Law Clerk
Magistrate Judge           (x)              (  ) INS
U.S. Marshal               (  )              (  ) Jury Clerk
Probation                  (  )
U.S. Attorney              (  )
Atty. for Deft.            (  )
Defendant                  (  )
Warden                     (  )
Bureau of Prisons          (  )
Ct Reporter                (  )
Ctroom Deputy              (x)
Orig-Security              (  )
Federal Public Defender    (  )
Summons Issued             (  ) with N/C attached to complt. and served by:
                                U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5        (  )
Order to Show Cause        (  ) with Petition attached & mailed certified mail
                                to:  US Atty Gen  (  )  PA Atty Gen (  )
                                     DA of County (  )  Respondents (  )
Bankruptcy Court           (  )
Other_____    (  )

                                    MARY E. D'ANDREA, Clerk

DATE: ____1-18-02____                BY: _____
                                         Deputy Clerk